Dear Mr. Toups
You advise this office that you are currently employed as a Data Systems Coordinator at the New Iberia Research Center, owned and operated by the University of Louisiana at Lafayette. You ask if you may also hold the local elective office of school board member.
R.S. 42:63(D) of the Louisiana Dual Officeholding and Dual Employment Law, R.S. 42:61, et seq., provides, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . . (Emphasis added).
An employee of the university holds employment in the executive branch of government of this state,[1] while a school board member holds local elective office in a political subdivision of this state. R.S. 42:63(D) prohibits one from holding state employment and the local elective office of school board member.
Despite the prohibition of R.S. 42:63(D), there is an exemption in the law which permits the holding of these two positions. R.S.42:66(B) states: *Page 2 
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, or other educational institution, parish or city school board from holding at the same time an elective or appointive office.
Thus, a person who is employed in a professional educational capacity at a university may, in general, hold a local elective office such as school board member.
The phrase "professional educational capacity" is not defined by statute. However, this office has interpreted this phrase to include those employments where the job description includes duties that affect the curriculum taught at the university or college, duties that require participation in the delivery of educational programs at the institution, or duties that require the planning of long and short range educational goals for the students. See Attorney General Opinions 03-0197, 02-0293, 02-0307, and 02-0076.
You advise us that in your employment at the university primate research center you supervise the historical documentation of medical record data on all research primates. You are also responsible for the formulation and disposition of standard operating procedures at the research center. In addition you function as facility biosafety instructor. You teach a biosafety class to the staff on a quarterly basis, which is a requirement of federal law. You also teach the technical staff a seventeen-week preparatory course for the AALAS (Association for the Advancement of Laboratory Animal Science) technician certification examination.
Our review of your job duties leads us to conclude that your position with the university is a largely academic one. You routinely serve the university as a researcher and instructor. We consider the position to be one of an individual employed in a "professional educational capacity", despite the fact that you do not teach students directly. Your position ultimately impacts the educational curriculum at the university. For this reason, we consider the exemption applicable to you, and it is the opinion of this office that you may run for and hold the position of school board member.
 Very truly yours,
 C. FOTI, JR.
 ATTORNEY GENERAL
 BY: _______________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 *Page 3 
 MARCH 11 2002
 OPINION 02-0076
Mr. Dewey W. De Lee 78 OFFICERS — Dual Officeholding
P.O. Box 245 LA R.S. 42:61 et seq.
Clinton, Louisiana 70722 LA R.S. 42:66 (B)
 A Justice of the Peace of East Feliciana Parish can teach
 at the Louisiana Technical College in Jackson, Louisiana,
 without violating any dual officeholding provisions.

Dear Mr. De Lee:
We are in receipt of your request for an Attorney General's Opinion concerning a possible dual officeholding violation. Specifically, you ask whether it would be permissible for you to accept a full-time teaching position with the Louisiana Technical College on the Folkes Campus in Jackson, Louisiana while holding your current position as a Justice of the Peace of East Feliciana Parish without violating a dual officeholding provision.
The dual officeholding laws, LA R.S. 42:61 et seq., apply in general to a person holding two positions at the same time. Within these statutes, are enumerated prohibited combinations of certain positions and offices. However, also enumerated herein are exemptions to certain positions and offices within the context of dual officeholding. Tantamount to your inquiry is the "educator exception." This exception is found at LA R.S. 42:66
(B), and it states:
 Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school from holding at the same time an elective or appointive office.
Therefore, this "educator exception" is applicable to those individuals who hold an elective or appointive office, and are employed in a professional educational capacity. Since the office of Justice of the Peace of East Feliciana Parish is an elective office, there is no conflict with the dual office holding provisions as long as your position at the Louisiana Technical College is in a professional educational capacity.
This office has defined "professional educational capacity" to include: duties that affect the curriculum taught at the university or college, duties that require participation in the delivery of educational programs at the institution, and duties that require the planning of long and short range educational goals for the students. See Opinion Nos. 94-393, 95-113, 97-304, 98-82, and 00-63, attached hereto. Therefore, a position with the educational institution must be one in which the educator actually teaches or otherwise *Page 4 
has some direct impact on the curriculum or educational programs at the institution. Thus, if the teaching position you have accepted at the Louisiana Technical College falls within this definition, under the language of LA R.S. 42:66 (B), your employment as an educator will be exempted from consideration of a potential dual officeholding violation.
However, because Justices of the Peace are governed by the Code of Judicial Conduct, we suggest you consult the Judiciary Commission of the Louisiana Supreme Court for an advisory ruling, at 301 Loyola Avenue, Room 109, New Orleans, Louisiana, 70112. We enclose Attorney General Opinion 96-356, and direct your attention to the advisory rulings from the Judiciary Commission that are attached.
Therefore, it is the opinion of this office that you may maintain your elected position as a Justice of the Peace of East Feliciana Parish and teach at the Louisiana Technical College in Jackson, Louisiana without violating any dual officeholding provisions.
We hope this opinion addresses all of your concerns. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ___________________________ ANN EVANS WALL Assistant Attorney General *Page 5 
 August 17 1994
 OPINION 94-393
Honorable Joseph F. Toomy OPINION 94-393
Representative 78 OFFICERS-Dual-Officeholding
P.O. Box 163 LSA-R.S. 42:63(C); LSA-R.S. 42:66(B)
Gretna, LA 70054
 Under the Dual Officeholding and Dual Employment Law, a person
 may hold the office of state legislator while holding employment as
 Vice President of Administrative Affairs with Delgado Community
 College.

Dear Representative Toomy,
This office is in receipt of your opinion request directed to Attorney General Richard P. leyoub. The request has been assigned to me for resolution.
You ask whether the Dual-Officeholding and Dual-Employment statutory provisions governing the simultaneous holding of certain positions would permit you to hold your position as legislator while holding employment as Vice-President of Administrative Affairs with Delgado Community College. We conclude that an exemption within these provisions is applicable to your situation and that it is permissible for your to hold both positions concurrently.
Under LSA-R.S. 42:63, a person holding an elective office in the government of this state is prohibited from holding employment in the government of this state. LSA-R.S. 42:63(C) provides:
 C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
There is an exemption which allows an individual employed in a professional educational capacity to hold an elective office. LSA-R.S. 42:66(B) provides:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
If your position as Vice President of Administrative Affairs is considered employment in a professional educational capacity, then you may also hold the position of state legislator. Your job description provides information pertinent to our conclusion and *Page 6 
requires you to perform the following functions:
 1. Serve on the President's Executive Council for planning long and short range educational goals for the college and coordination of all college operations and services.
 2. Maintain effective delivery of all administrative services related to the operations of the college.
 3. Assure compliance with rules and regulations of external educational and governmental agencies and laws affecting administration of the college.
 4. Determine academic and student services needs to develop and revise long-range planning of the college and its campuses.
 5. Coordinate development of college facilities to meet faculty and student needs.
 6. Direct all renovations, additions, and refurbishment of physical plant and facilities. Represent the college before city and state agencies and coordinate contract work on all campuses.
 7. Develop with faculty and staff all capital outlay needs of the college, prioritize and formulate annual Capital Outlay Request. Determine programming needs of projects and represent college in approval process.
 8. Coordinate implementation of software and installation of hardware necessary for on-line academic and administrative record keeping, and reporting systems.
 9. Provide for academic and administrative telecommunications needs of the college.
 10. Coordinate with State Property Control the accounting for new and existing movable property, and disposition of surplus items.
 11. Develop and monitor operating budgets for administrative affairs units. *Page 7 
 12. Provide for staff development, supervision and evaluation of personnel.
 13. Serve on the college's Planning, Environmental Quality, and Safety Committees, and other committees as assigned by the President.
 14. Prepare reports as required by the President, the governing board and other agencies.
 15. Assume other duties and responsibilities and represent the college as requested by the President.
We conclude that you are employed in a professional educational capacity with Delgado Community College. Of primary importance to our conclusion is the fact that you serve on the President's Executive Council for planning the long and short range educational goals for the students of the college.
Based on these facts, we determine that you may continue to hold your position as state legislator while employed as the Vice President of Administrative Affairs with Delgado Community College.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL *Page 8 
 MARCH 20 1995
 OPINION 95-113
 OPINION 95-113
 78 OFFICERS-Dual Officeholding
 LSA-R.S. 42:61 et seq.; LSA-R.S. 42:62(1); LSA-R.S. 42:62(3);
 LSA-R.S. 42:62(6);
Mr. Charles L. Hamaker LSA-R.S. 42:63; LSA-R.S. 42:63(D); LSA-R.S. 42:66(B)
Monroe City Attorney Under the Dual Officeholding and Dual Employment Law, the
P.O. Box 123 Director of Special Services in the Operation and Maintenance of
 Physical Facilities may not also hold elective office as Monroe City
Monroe, LA 71210-0123 Councilman.

Dear Mr. Hamaker:
In your correspondence of recent date you inquire whether a member of the Monroe City Council may legally continue to hold full-time employment with Northeast Louisiana University.
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, LSA-R.S. 42:61 et seq., govern our response. The position of Monroe City Council member is a local elective office, while employment with Northeast Louisiana University constitutes employment in the government of this state. See LSA-R.S. 42:62(1); LSA-R.S. 42:62(3); and LSA-R.S. 42:62(6).
LSA-R.S. 42:63, providing the prohibitions against the concurrent holding of certain offices and employments, prohibits the simultaneous holding of the positions in question. LSA-R.S.42:63(D) provides in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . . (Emphasis added).
The law provides for an exemption in LSA-R.S. 42:66(B), stating:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
Pursuant to this exemption, if the position of the Director of Special Services in the Operation and Maintenance of Physical Facilities for the Special Services Department under the Business *Page 9 
Division of the University is considered employment in a "professional educational capacity", then the simultaneous holding of an elective office would not be prohibited.
The job description for the position within the University is as follows:
 This professional supervisory position within the Division of Business Affairs is responsible for all athletic, intramural, and recreational grounds maintenance and operations. Reporting to the Vice President of Business Affairs, and as delegated to the Director of Physical Plant, this Budget Unit Head is responsible for meeting intercollegiate competition field requirements in football, baseball, softball, and track and field. This position also manages personnel meeting [sic] selected athletic facility maintenance responsibilities. Administrative responsibilities include staffing, budgeting, records, managing the Summer Work Program, and generating reports for facilities operations.
From a review of the job description quoted above, the individual holding the University position is not required to teach, to affect the curriculum taught at the University, nor is he required to directly participate in the delivery of educational programs at the University. This office has previously found the presence of these factors to be indicative of an individual performing in a "professional educational capacity." See Attorney General Opinions 94-278 and 93-625, copies of which are enclosed.
Because these factors are absent, it is the opinion of this office that the Director of Special Services at the University is not employed in a "professional educational capacity". Thus, LSA-R.S. 42:63(D) precludes him from simultaneously holding the elective office of Monroe City Councilman.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL *Page 10 
 78-OFFICERS — Dual Office Holding
 OPINION NUMBER 94-278 LSA-R.S. 42:63D.
 LSA-R.S. 42:66B.
 LSA-R.S. 42:61 et seq.
 The Director of Business Services at
 University of Southwestern Louisiana
Mr. Calvin E. Woodruff, Jr. employed in a professional
Cooper Woodruff capacity for purposes of LSA-R.S.
Post Office Box 1213 and, thus, the director is prohibited
Abbeville, Louisiana 70511-1213 LSA-R.S. 42:63D. from concurrently
 the position of Alderman for the Village
 Maurice, Louisiana.

Dear Mr. Woodruff:
Your request for an opinion of the Attorney General on behalf of Mr. Wayne Theriot, Alderman for the Village of Maurice, Louisiana, has been received by this office and assigned to me for disposition.
As indicated in your letter of request, Mr. Theriot is an elected official of the Village of Maurice serving as an Alderman. Mr. Theriot is also employed on a full-time basis with the University of Southwestern Louisiana as Director of Business Services. You therefore ask whether the holding of these two positions concurrently violates the Louisiana Dual Officeholding Law, LSA-R.S. 42:61 et seq.
According to LSA-R.S. 42:63D., the holding of an elective office in a political subdivision of this state while holding employment with the state government is prohibited. Thus, employment with the University of Southwestern Louisiana while holding the office of Alderman of the Village of Maurice violates the Dual Officeholding Law.
LSA-R.S. 42:66B. however, provides for exemptions from the prohibitions found in the Dual Officeholding Law. Specifically, LSA-R.S. 42:66B. provides:
 Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office. *Page 11 
Thus, if the exemption for employment in a professional educational capacity applies to Mr. Theriot's employment as the Director of Business Services, the prohibition found in LSA-R.S.42:63D. will not prohibit the concurrent holding of the two positions at issue.
The language "professional educational capacity" is not defined under the Dual Officeholding Law and the meaning of this provision is not clear from the statutory language itself. Thus, the legislative intent behind the enactment of this statute must be determined by going beyond this specific language by construing the language in the context of the statute as a whole.Gautreau v. Board of Elec. Examiners of City of Baton Rouge,167 So.2d 425 (La.App. 1964). In addition, the statute must be construed so as to accomplish the purpose for which it was enacted and to give effect to legislative will. Respondent Co.v. Krauss Co., 9 So.2d 303, 200 La. 959 (La. 1942).
The exemption found in LSA-R.S. 42:66B. is for school teachers and those employed in a professional educational capacity in a school or other educational institution. Clearly, the class of employees intended to be exempted were those whose employment is concerned with the educational process. Thus, an employee of an educational institution, such as University of Southwestern Louisiana, whose employment is not in a Professional capacity and/or is unrelated to the institution's educational role would not fall within the exemption of LSA-R.S. 42:66B.
The employment at issue in your opinion request is that of Director of Business Services at the University of Southwestern Louisiana. The job responsibilities of the director include supervision of the Bursar's Office the Cashier's Office, the Data Control Office, Accounts Payable Office and the University Post Office. Further, the director serves as Chairman of the University Fee Committee which reviews student appeals as they relate to their educational expenses. Thus, the director's duties primarily concern the payment of tuition and other educational expenses, personnel payroll and related matters. These functions involve the University's finances and are crucial to its survival, however, they do not involve the educational process. *Page 12 
Therefore, it is the opinion of this writer that the Director of Business Services at the University of Southwestern Louisiana is not employed in a professional educational capacity for purposes of LSA-R.S. 42:66B. and, thus, the director is prohibited by LSA-R.S. 42:63D. from concurrently holding the position of Alderman for the Village of Maurice, Louisiana.
I hope that this has sufficiently addressed your questions. If you require any further information, please do not hesitate to ask.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ GINA M. PULEIO Assistant Attorney General *Page 13 
 NOVEMBER 19, 1993
 OPINION NUMBER 93-625
 LSA-R.S. 42:61 et seq
Mr. Harold Lundy, President LSA-R.S. 42:63
Grambling State University LSA-R.S. 42:63D
Post Office 607
Grambling, Louisiana 71245 Under the Dual Office Holding Law, the
 Assistant Housing Director at Grambling
 State University may not also hold elective
 office on Monroe's City Council.

Dear Mr. Lundy:
You have requested the opinion of this office concerning LSA-R.S. 42:61 et seq., the Louisiana Dual Office Holding Law. Your opinion request poses the following query:
 May a person employed in an unclassified position at Grambling State University as Assistant Director of Housing also concurrently serve as an elected member of the Monroe City Council?
The policy behind the Dual Office Holding Law is the promotion and maintenance of the citizenry's confidence in public officials and employees of this state and in governmental decisions. The Dual Office Holding Law aims to achieve the goals of this policy by defining, regulating, and prohibiting dual office holding. LSA-R.S. 42:61.
Under LSA-R.S. 42:63 certain persons holding elective or appointive office or employment in this state are prohibited from also holding another Position in state or local government. LSA-R.S. 42:63 D. provides in pertinent part:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same Political subdivision in which he holds an elective office. (Emphasis added) *Page 14 
According to your query, the two positions at issue are: one, membership on Monroe's City Council and, two, employment at Grambling State University as Assistant Housing Director. The position of Assistant Housing Director at Grambling State University is considered "employment in the government of this state" while membership on Monroe's City Council is considered to be holding of an "elective office in a political subdivision of this state". From a reading of the plain language of this statute, it would seem that the holding of these two positions concurrently would be prohibited by law.
LSA-R.S. 42:66B., however, provides the following exemption to the general dual office holding prohibitions, it reads:
 Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office. (Emphasis added)
Under this statutory provision, if the position of Assistant Housing Director is considered employment in a "professional educational capacity," then the concurrent holding of an elective office with this position would not be prohibited.
According to information supplied to this office along with your opinion request, the position of Assistant Director of Housing at Grambling State University has the following job responsibilities:
 — assisting the Director of Housing with every departmental project, assists the area Coordinator with problems;
 — assists the Director of Housing in ordering supplies;
— represents the Director at various meetings;
 — attends various workshops; *Page 15 
 — assists with making all initial room assignments and maintaining records concerning residence hall occupancy;
 — assists with physical upkeep of the residence halls;
 — assists with establishing rules and regulations governing students living in the residence halls; and
— performs other duties as assigned by the Director.
It is further pertinent to note that the qualifications for this position require a minimum of a bachelor's degree in the area of administration, counseling, or related fields, or a minimum of five years experience in higher education. The Assistant Housing Director is not required to teach, to affect the curriculum taught at the University, or to directly participate in the delivery of educational programs at the University. Based upon these facts, it is the opinion of this office that the position of Assistant Housing Director at Grambling State University is not employment in a professional educational capacity. Therefore, the Assistant Housing Director may not also hold the elective office of membership on the Monroe City Council without violating the provisions of LSA-R.S. 42:63.
I hope that this adequately addresses your question. If you require further assistance, please do not hesitate to ask.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ GINA M. PULEIO Staff Attorney *Page 16 
 August 12, 1997
 OPINION NUMBER 97-304
Mr. Randall J. Webb 78 DUAL OFFICEHOLDING
President LSA-R.S. 42:63; LSA-R.S. 42:63 (D); LSA-R.S. 42:66 (B)
Northwestern State University With respect to dual officeholding, this office has interpreted
Natchitoches, Louisiana 71497 "professional educational capacity" to require the individual to
 engage in those activities which relate to or directly affect the
 curriculum or educational program at a college or university.

Dear Mr. Webb,
This office is in receipt of your opinion request to examine the legality of the simultaneous holding of the positions of the Vice President of University Affairs for Northwestern State University and the local elective office of Natchitoches City Councilman, in the instance that the person holding both of these positions would not be required to teach an academic class per school year.
LSA-R.S. 42:63 provides the prohibitions against the concurrent holding of certain offices and employment, specifically, LSA-R.S.42:63 (D) provides in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state or in the same political subdivision in which he holds an elective office.
LSA-R.S. 42:63(D) prohibits the holding of local elective office (i.e. the position of Councilman) and employment in the government of the state (i.e. employment with the University).
However, the law provides for an exemption to the above prohibition in LSA-R.S. 42:66(B), which states:
 B. Nothing in this Part shall be construed to prevent a school teacher or *Page 17 
person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
In Attorney General Opinion 97-131, we addressed this same matter and concluded that the Vice President of University Affairs for Northwestern State University fell squarely in the category of someone employed in a "professional educational capacity" because his position required him to teach an academic class per school year. In the absence of a requirement to teach a class per school year, we look to certain factors in an individual's job description in order to determine whether the individual is employed in a "professional educational capacity". The job description that you have provided contains information pertinent to our conclusion and requires the Vice President of University Affairs to perform the following functions:
 1. Serve as a key administrator in the planning, operation, and management of the University.
 2. Oversight responsibility for the construction, maintenance, and upkeep of all university facilities and grounds.
 3. Participating in all official Northwestern State University functions.
4. Maintaining required office hours.
 5. Maintaining a collegial relationship with peer and colleagues throughout the University. As an administrator, this includes working with professors and department heads to arbitrate disputes and/or reach a consensus.
It has been the opinion of this office that factors which are indicative of an individual performing in a "professional educational capacity" include duties which affect the curriculum taught at the University, duties which require participation in the delivery of educational programs at the University, and duties which require the planning of long and short range educational goals for the students of the University. See Attorney General Opinions 94-393, 95-113. The common element shared by these factors is each is related to or directly affects the curriculum or educational programs offered by the University. The job description which you provided us does not reflect any *Page 18 
involvement or impact on the curriculum of the University. The responsibilities of the position of Vice President for University Affairs, absent a requirement to teach a course per session, appear to be as an administrator of the University, rather than an educator or one who would affect curriculum policy.
Based upon these facts, it is the opinion of this office that the Vice-President of University Affairs would not be performing in a "professional educational capacity" absent a requirement that he teach a course per session, and as such, would not fall under the dual officeholding exemption of LSA-R.S. 42:66 (B).
Should you have any further questions concerning this matter, please feel free to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL *Page 19 
 MARCH 23, 1998
 OPINION NUMBER 98-82
 78 — Dual Office Holding
 LSA-R.S. 42:63(D)
Mr. Wayne Theriot LSA-R.S. 42:66(B)
Assistant Vice President LSA-R.S. 42:61, et seq.
 for Business Services The assistant vice president for Business Services with the University
P.O. Box 40400 of Southwestern Louisiana is not employed in a professional
Lafayette, LA 70504-0400 educational capacity for the purposes of the exception provided in
 LSA-R.S. 42:66(B), and thus, is prohibited by LSA-R.S. 42:63D) from
 concurrently holding the position of Alderman with the Village of
 Maurice.

Dear Mr. Theriot:
You have requested the opinion of this office with regard to your concurrently holding the position of Alderman for the Village of Maurice, Louisiana, as well as employment as Assistant Vice President for Business Services with the University of Southwestern Louisiana (hereinafter referred to as "USL"). You indicated, in your letter of request, that you are an elected official of the Village of Maurice serving as Alderman. You are also employed on a full-time basis with USL.
According to LSA-R.S. 42:63(D), the holding of an elective office in a political subdivision of this state while holding employment with state government is prohibited. Thus, employment as assistant vice president for Business Services with USL, while holding the office of alderman of the Village of Maurice, violates the Dual Officeholding Law. Various exemptions are provided, however, under the provisions of LSA-R.S. 42:66(B). Specifically, LSA-R.S. 42:66(B), provides in pertinent part:
 Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
If the exemption for employment in a professional educational capacity applies to your employment with USL, the prohibition found in LSA-R.S. 42:63(D), would not prohibit your holding the two positions at issue.
From a review of your job description, attached to your request, it is our conclusion that you do not hold employment in a professional education capacity. You are not required to teach, to affect the curriculum taught at the University, nor do your duties require you to directly participate in the delivery of educational programs at USL. *Page 20 
It has been the opinion of this office, that factors which are indicative of an individual performing in a "professional education capacity", include duties which affect the curriculum taught at the University, duties which require participation in the delivery of educational programs, and duties which require the planning of long and short range educational goals for students. See Attorney General Opinion Nos. 94-393, 95-113 and 97-304.
The common element shared by these factors, is that each is related to or directly affecting the curriculum or educational programs offered by the school. The job description which you provided does not reflect any involvement or impact on the curriculum at the University. The responsibilities of the position of vice president of Business Services for USL, while indeed necessary for the operation and performance of the University, do not appear to fall within the exemption.
Based on these facts, it is the opinion of this office that the Assistant Vice President for Business Services with the University of Southwestern Louisiana, is not employed in the professional educational capacity for purposes of the exemption provided in LSA-R.S. 42:66(B), and thus, is prohibited by LSA-R.S. 42:63(D) from concurrently holding such employment and the position of Alderman for the Village of Maurice.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ CHARLES H. BRAUD, JR. Assistant Attorney General *Page 21 
 MARCH 20 2000
 OPINION NUMBER 00-63
 OPINION NUMBER 00-63
Honorable Henry "Tank" Powell 78 — Officers — Dual Officeholding
Representative, House District 73 LSA-R.S. 42:63 (D); LSA-R.S. 42:66 (B)
423 South Ninth Street A person serving on the Tangipahoa Parish School Board may
Ponchatoula, Louisiana 70454 also serve as director of the Louisiana Technical College-Hammond
 Area Campus as the latter position falls under the
 exemption for those persons employed in a professional
 educational capacity provided in LSA-R.S. 42:66 (B).

Dear Representative Powell:
You have requested an Attorney General's opinion as to whether or not a person serving on the Tangipahoa Parish School Board may also serve as director of the Louisiana Technical College-Hammond Area Campus.
LSA-R.S. 42:63(D) states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds elective office.
This provision prohibits the holding of a local elective office, such as membership on the parish school board, and an appointed position within that same parish or state government.
However, LSA-R.S. 42:66(B) provides an exemption to the above prohibition:
 Nothing in this part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
This office has consistently held that factors determining employment in a professional educational capacity include duties which affect the curriculum taught at the university or college, duties which require participation in the delivery of educational programs at the university or college, and duties which *Page 22 
require the planning of long and short range educational goals for the students of the university or college. See Attorney General Opinions 94-393, 95-113, 97-304 and 98-82.
The common element shared by these factors is that each is related to or directly affects the-curriculum or educational programs offered by the school. While you did not provide a job description for the director of the Louisiana Technical College-Hammond Area Campus, one can assume that such a position would entail duties that satisfy the above requirement.
Therefore, it is the opinion of this office that a person serving on the Tangipahoa Parish School Board may also serve as director of the Louisiana Technical College-Hammond Area Campus as the latter position falls under the exemption for those persons employed in a professional educational capacity provided in LSA-R.S. 42:66(B).
I trust that this addresses your concerns. Please contact this office should your request further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ CARLOS M. FINALET, III Assistant Attorney General *Page 23 
 March 21, 1996
 OPINION 96-90
 OPINION 96-90
Mr. Clyde Taylor 78 OFFICERS-Dual Officeholding
520 First Street LSA-R.S. 42:61, et seq. LSA-R.S. 42:62(9);
Norco, LA 70079 LSA-R.S. 42:63D
 Statutes permit holding office of justice of the peace and
 the appointive office of deputy sheriff if the later position
 is held on a part-time basis.

Dear Mr. Taylor:
In response to your inquiry of recent date, note that it is impermissible for you to hold both the local elective office of justice of the peace and the full-time appointive office of deputy sheriff. Please note that the office of justice of the peace and the office of deputy sheriff, under the Louisiana Dual Officeholding Law and Dual Employment Law, LSA-R.S. 42:61, etseq., fall within separate political subdivisions. See LSA-R.S.42:62(9). The applicable section of the dual officeholding law relative to your question is contained in LSA-R.S. 42:63D which provides in pertinent part as follows:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. . . . (Emphasis added).
"Full-time" and "part-time" are defined as follows:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven days of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time. *Page 24 
The law permits one to hold local elective office and a part-time appointive office in a political subdivision of the state, as defined by statute.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL *Page 25 
 SEPTEMBER 04 1996
 OPINION 96-356
Honorable Connie G. Moore 78 DUAL OFFICEHOLDING
Justice of the Peace LSA-R.S. 42:61, et seq.
St. Tammany Parish A deputy sheriff may not serve as a justice of the peace,
P.O. Box 1133 as per advisory ruling of the Judiciary Commission.
Covington, LA 70434

Dear Ms. Moore:
In response to your inquiry of recent date, we enclose a copy of a ruling recently issued by the Judiciary Commission indicating that a deputy sheriff may not also serve as a justice of the peace.
In response to your second inquiry, the Dual Officeholding and Dual Employment provisions, LSA-R.S. 42:61, et seq., are generally applicable only to the holding of two public offices. Here, a psychologist would hold a position within the private sector, thereby making those provisions inapplicable.
However, we advise you to consult the Judiciary Commission, at the number on the enclosed correspondence for a further advisory ruling.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL *Page 26 
June 14, 1996
Mr. Roland Dartez Assistant Attorney General Office of the Attorney General Post Office Box 94005 Baton Rouge, LA 70804
Mr. Kerry L. Kilpatrick Office of the Attorney General Post Office Box 94005 Baton Rouge, LA 70804
Re: Attorney General Opinion #96-90
Dear Messrs. Dartez and Kilpatrick:
I am writing in reference to Attorney General Opinion #96-90, noting same in "The Magistrate," to the effect that "[a] justice of the peace also may serve as an appointed, part-time deputy sheriff."
As I am sure you know, justices of the peace are governed by the Code of Judicial Conduct. See, "Compliance" section of the Code. The Supreme Court Committee on Judicial Ethics, in Opinion Nos. 95 and 120, has on two occasions held that a justice of the peace may not also be employed by the district attorney's office. (Attached). The rationale for prohibiting such dual employment as to a sheriff's office is no different.
The Office of Special Counsel has taken the position that a justice of the peace who is also employed as a deputy sheriff is in violation of the Code of Judicial Conduct and La. Const. Art. 25C. In that regard, in such a case, this Office would recommend to the Judiciary Commission that the Supreme Court remove from office such a dual office holding justice of the peace.
Therefore, I write to you because it appears that Attorney General Opinion #96-90 is at odds with the opinions of the Supreme Court Committee on Judicial Ethics and the *Page 27 
position of this Office. It further appears that if a justice of the peace were to rely upon Attorney General Opinion # 96-90, and simultaneously serve as a deputy sheriff, he or she may be placed at risk before the Judiciary Commission and the Supreme Court.
I would be happy to discuss this matter with you in further detail. Please feel free to contact me at your convenience. Thank you.
Sincerely,
 Steven Scheckman *Page 28 
 November 19, 1991
Dear
You have requested an ethics advisory opinion on whether a Justice of the Peace, who, by agreement of local law enforcement agencies does not handle criminal matters, can maintain employment as an intake warrant officer for the District Attorney's Office.
The Committee on Judicial Ethics believes that it is not ethically permissible for a Justice of the Peace to relinquish the responsibilities of the office as determined by R.S. 13: 2586 (C) which include criminal jurisdiction as committing magistrates and authority to set bail. Further, it is the opinion of the Committee that it is ethically impermissible for you to serve as a justice of the peace and the District Attorney's Office intake warrant officer as such dual service raises the appearance of impropriety and of a lack of impartiality.
Sincerely,
 Hugh M. Collins, Ph.D. Secretary and Member Supreme Court Committee on Judicial Ethics
HMC:m1m 1007r
cc: Chairman and Members, Supreme Court Committee on Judicial Ethics Associate Justices, Supreme Court of Louisiana *Page 29 
 August 10, 1994
Dear Justice of the Peace
The Supreme Court Committee on Judicial Ethics has carefully considered your request for an advisory ethics opinion on whether it is ethically permissible for a justice of the peace to also be employed as a clerical employee in the district attorney's office. The Committee has unanimously concluded that it is ethically impermissible for a justice of the peace to be employed in the district attorney's office.
If I can be of any further assistance, please do not hesitate to call on me.
Sincerely,
 Hugh M. Collins, Ph.D. Secretary and Member Supreme Court Committee on Judicial Ethics
1287E/5 HMC:gp
cc: Chair and Members, Supreme Court Committee on Judicial Ethics Associate Justices, Supreme Court of Louisiana *Page 30 
 AUGUST 21 2002
 Opinion 02-0293
Mr. John Smith 78 OFFICERS — Dual Office Holding
State Representative La. R.S. 42:66(B)
District 30 A person who is employed as an academic instructor at a
611-B South 5th Street state university can at the same time hold office as a
Leesville, Louisiana 71446 school board member pursuant to La. R.S. 42:66.

Dear Mr. Smith:
This office is in receipt of your opinion request wherein you inquired into whether a person who is employed part-time as an academic instructor at a state university can at the same time hold office as a school board member. Previous Attorney General Opinion No. 95-08 answered a similar question which concluded that the law allows one to continue state employment as a faculty member at a university while serving on a school board. Particularly, La. R.S. 42:66(B) allows the concurrent holding of these positions by stating:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
This office has repeatedly defined "professional educational capacity" to include: duties that affect the curriculum taught at the university or college, duties that require participation in the delivery of educational programs at the institution, and duties that require the planning of long and short range educational goals for the students. See Opinion Nos. 94-393, 95-113, 97-304, 98-82, 00-63, and 02-76. Because you are employed at Northwestern State University as a teacher, a job with which requires participation in the delivery of educational programs, it is the opinion of this office that you are employed in a "professional educational capacity" at an educational institution. Therefore, this office is of the opinion that you are permitted to hold an elective office concurrently.
I hope this opinion satisfactorily answers your inquiry. If you are in need of further assistance, please do not hesitate to contact our office. *Page 31 
Very Truly Yours,
 RICHARD P. IEYOUB Attorney General
 By: _______________________ VIRGINIA L. COREIL Assistant Attorney General *Page 32 
 August 14, 2002
 OPINION 02-0307
Mr. Winston DeCuir 78 DUAL OFFICEHOLDING
 R.S. 42:63(D); R.S. 42:66(B)
Nicholls State University An elected councilman official may also be employed in a professional
1961 Government Street educational capacity with a university.
Baton Rouge, LA 70806

Dear Mr. DeCuir:
On behalf of Nicholls State University you ask whether the law permits a city councilman for the City of Thibodaux to concurrently hold full-time employment at the University as Coordinator of Residence Hall Security.
Under R.S. 42:63(D), a local elected official is prohibited from holding employment in the government of the state. This statute provides, in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office.
An exemption from the prohibition is provided those employed in a professional educational capacity by a university in R.S.42:66(B):
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
The Coordinator of Residence Hall Security is charged with the following responsibilities:
Position: Coordinator of Residence Hall Security
 Responsibilities: The coordinator shall be responsible for developing and implementing an education/crime prevention activities program. The coordinator will serve as the professional staff member responsible for student judicial issues which occur after hours. The coordinator will do *Page 33 
educational presentations for residence hall students, commuter students and the general community. An emphasis will be placed on providing students the knowledge and skills necessary to make good decisions. Examples include teaching personal skills that students need to succeed in college, i.e. time management, communication skills needed for handling difficult situations, avoidance of domestic violence, substance abuse education and prevention activities, etc.
 The coordinator, as the ranking professional staff member on duty at night, will provide supervision for University Police personnel. These duties include supervision of the investigation of any reported criminal activity involving students, handling on site student personnel issues related to criminal activities, making discipline referrals when the judicial code is violated, oversight of community oriented team policing program, serving as supervisor for campus student officer program, supervision of all university police personnel on duty, and coordination of residence hall student staff. The coordinator will be responsible for analyzing campus conduct and criminal violations for the purpose of developing educational programs.
Having reviewed the Coordinator's job description, we determine that the councilman would be employed in a professional educational capacity. Of particular importance to our conclusion is the fact that the councilman will develop and teach educational programs to students regarding domestic violence, substance abuse, and crime prevention.
We hope the foregoing is helpful to you. Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L KILPATRICK ASSISTANT ATTORNEY GENERAL *Page 34 
 JUN 24 2003
 OPINION 03-0197
Mr. Michael Matheme
Nicholls State University 78 DUAL OFFICEHOLDING
 R.S. 42:63(D); R.S. 42:66(B)
P.O. Box 2701 Individual employed in a professional education capacity at
Thibodaux, LA 70310 a state university may also hold local elective office of
 councilman.

Dear Mr. Matherne:
You ask this office if the law permits you to hold the elected local office of Lafourche Parish Councilman while continuing in your full-time unclassified employment as Director of Campus Recreation at Nicholls State University.
While R.S. 42:63(D)[1] of the Louisiana Dual Officeholding and Dual Employment Laws would prohibit one from holding local elective office and employment in the government of the state, there exists in the law an exemption applicable in your situation. R.S. 42:66(B) permits one to hold both local elective office and employment in a professional educational capacity with a university. R.S. 42:66(B) states:
 B. Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, and parish or city school board from holding at the same time an elective or appointive office.
You advise us that your responsibilities include teaching classes beginning in the upcoming fall semester at the university. We consider this circumstance to place you within the category of those employed in a professional educational capacity. Because the exemption is applicable, you may hold these positions concurrently.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
[1] R.S. 42:62(6) states:
(6) The executive branch of state government includes the following named offices and all other officers, agents, employees, or other persons holding or exercising an employment with them, namely, the governor; lieutenant governor; secretary of state; attorney general; treasurer; commissioner of agriculture; commissioner of insurance, superintendent of education; commissioner of elections; members of the State Civil Service Commission, the Public Service Commission, the Board of Regents, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, the Board of Supervisors of Southern University and Agricultural and Mechanical College, the State Board of Elementary and Secondary Education, the Board of Trustees for State Colleges and Universities, and the State Bond Commission. The executive branch shall also include the officers, members, agents, and employees of any department, office, agency, instrumentality, board, commission, or other entity created by the constitution or by law whose functions are not primarily legislative, judicial or local in nature or operation.
[1] R.S. 42:63(D) states:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or fulltime appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.